UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LEHMAN BROTHERS HOLDINGS INC.,

        Plaintiff,

v.

AMERICAN MORTGAGE CORP., n/k/a
FORMER MORTGAGE CORP.,

        Defendant.

Case No. _____

---

## COMPLAINT

---

Plaintiff Lehman Brothers Holdings Inc. ("LBHI") invokes this court's jurisdiction pursuant to 28 U.S.C. § 1332 given the complete diversity of citizenship between the plaintiff and defendant. LBHI, by and through its undersigned attorneys, and for its complaint stating its causes of action against Defendant American Mortgage Corp., n/k/a Former Mortgage Corp. ("AMC"), states and alleges as follows:

### NATURE OF ACTION

1. Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from AMC pursuant to written contracts. LBB subsequently assigned its rights under those contracts to LBHI and sold the subject loans to LBHI. With respect to certain of these mortgage loans, AMC breached representations, warranties and covenants and other provisions of the contracts, requiring them to repurchase the loans and/or indemnify LBHI for its losses on those loans. Despite demand, AMC refused to live up to its obligations. By this

515754

action, LBHI seeks to recover money damages for the injuries that LBHI has sustained as a result.

## PARTIES

2. LBHI is a Delaware corporation with its principal place of business in New York.

3. AMC is a Minnesota corporation with its principal place of business located at 6700 France Avenue South, Edina, Minnesota 55435.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff LBHI and Defendant AMC, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. The Court has general personal jurisdiction over AMC.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because AMC resides in Edina, Minnesota.

## FACTUAL ALLEGATIONS

7. Lehman engaged in the purchase and sale of mortgage loans.

8. AMC engaged in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

9. AMC entered into written Loan Purchase Agreements ("Agreements") with LBB. The Agreements specifically incorporate the terms and conditions of the Seller's Guide of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of AMC.

10. The Agreements and the Seller's Guide sets forth the duties and obligations of the

515754

parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

11.  AMC sold a number of mortgage loans to LBB under the Agreements and Seller's Guide, including the loans discussed below.

12.  Subsequent to such sales by AMC, LBB sold all of the loans discussed below to LBHI.

13.  Subsequent to such sales by AMC, LBB assigned to LBHI all of its rights and remedies under the Agreements and Seller's Guide with respect to the loans discussed below.

14.  With respect to each of the loans sold to Lehman under the Agreements and Seller's Guide, AMC made a number of representations, warranties and covenants concerning the mortgage loans including with respect to, without limitation:

(a)  the validity of all mortgage loan documentation;

(b)  the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

(c)  occupancy by the borrower of the property securing the mortgage loan;

(d)  the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

(e)  the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

515754

15. AMC also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans, and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

16. With respect to itself, AMC represented and/or warranted that it has the ability to perform its obligations under, and satisfy all requirements of, the Agreements and Seller's Guide.

17. With respect to some of the mortgage loans purchased from AMC, Lehman discovered material problems with those loans and that AMC had breached representations, warranties and/or covenants under the Agreements and Seller's Guide concerning the mortgage loans.

18. As to loan ****1840, the borrower's loan application that was transmitted to LBB's agent Aurora materially misrepresented the borrower's debts. This was a material breach of AMC's representations, warranties and covenants in Section 703(1) and 703(12) of the Seller's Guide.

19. As to loan ****9613, the appraisal that was transmitted to LBB's agent Aurora did not provide a materially accurate statement of the subject property's fair market value. This was a material breach of AMC's representation, warranty and covenant in Section 703(36) of the Seller's Guide. In addition, the defects in the loan required it to be repurchased from an investor, constituting a material breach of AMC's representation, warranty and covenant in Section 703(27) of the Seller's Guide.

20. As to loan ****0927, the borrower's loan application that was transmitted to LBB's agent Aurora materially misrepresented the borrower's debts and real estate owned. This

was a material breach of AMC's representations, warranties and covenants in Section 703(1) and 703(12) of the Seller's Guide. In addition, the defects in the loan required it to be repurchased from an investor, constituting a material breach of AMC's representation, warranty and covenant in Section 703(27) of the Seller's Guide.

21. As to loan ****9697, the borrower's loan application that was transmitted to LBB's agent Aurora materially misrepresented the borrower's income. This was a material breach of AMC's representations, warranties and covenants in Section 703(1) and 703(12) of the Seller's Guide.

22. The breaches discussed in Paragraphs 18-21 materially and adversely affected the value of the loans and the interests of LBHI.

23. The Agreement and Seller's Guide, as assigned, provide that in the event of a breach of the representations, warranties, and/or covenants, LBHI or its agent may demand that AMC repurchase the loans and AMC shall repurchase the loans at a certain repurchase price, and that AMC shall indemnify LBHI or its agent for LBHI's losses on such loans. LBHI has demanded that AMC repurchase the mortgage loans referenced in paragraphs 18 through 21 above and/or indemnify Lehman.

24. AMC has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or to otherwise comply with its obligations under the Agreements and Seller's Guide with respect to the loans referenced in paragraphs 18 through 21 above.

25. The facts stated above and AMC's failure and refusal to repurchase the mortgage loans and/or indemnify Lehman constitute material breaches of the Agreements and Seller's Guide.

515754

26.     AMC's failure and refusal to honor its contractual obligations discussed above has proximately caused material and adverse effects upon LBHI and its interests and upon the values of the loans, causing LBHI to suffer losses on each of the loans discussed above which it would not have suffered had AMC honored its obligations.

### FIRST CLAIM FOR RELIEF

(Breach of Contract – Damages)

27.     LBHI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

28.     Each of the Agreements and Seller's Guide is a valid and enforceable contract that is binding upon AMC.

29.     Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

30.     As set forth herein, AMC has materially breached the respective Agreement and Seller's Guide by (a) breaching the representations, warranties, and/or covenants, and (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties, and/or covenants, and/or refusing to indemnify Lehman.

31.     AMC's breaches of the Agreements and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
(Breach of Express Warranty)

32.     LBHI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

33.     The Agreements and the Seller's Guide constitute valid and enforceable contracts

that are binding upon AMC.

34. With regard to each of the mortgage loans sold to Lehman under the Agreements and Seller's Guide, AMC made a number of express warranties with respect to material facts concerning the loans as set forth in paragraphs 18 through 21 above.

35. The express warranties contained in the Agreements and Seller's Guide were part of the basis of the bargain between Lehman and AMC, and Lehman relied upon those warranties in executing the Agreement.

36. AMC materially breached such express warranties for the loans referenced in paragraphs 18 through 21 above as set forth above.

37. LBHI, through its agent, provided AMC with timely written notice concerning AMC's breaches of the express warranties.

38. AMC refused or failed to take adequate steps to remedy or to compensate Lehman for AMC's breaches of the express warranties. AMC's breach of its warranties was a proximate cause of material and adverse effects upon LBHI, causing LBHI to suffer losses on the loans discussed above which it would not have suffered had AMC honored its obligations.

## **PRAYER FOR RELIEF**

WHEREFORE, LBHI respectfully requests that this Court enter judgment in it favor and against AMC, as follows:

(a) For all damages arising from or relating to AMC's breaches of contract and express warranty, in an amount to be proved at trial;

(b) For recoverable interest;

515754

(c) For the costs and expenses of suit incurred by LBHI herein, including attorneys' fees and costs and expert witness fees, per the terms of the Agreement and Seller's Guide; and

(d) For such other relief as this Court deems just and proper.

DATED: March 17, 2011.           REILLY POZNER LLP

By: _____
Matthew D. Spohn (MN #313567)
mspohn@rplaw.com
1900 16th Street, Suite 1700
Denver, Colorado 80202
Tel.: (303) 893-6100
Fax: (303) 893-6110

*Counsel for Plaintiff Lehman Brothers Holdings Inc.*